**[J-27-2016] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 700 CAP
:
     Appellee : Appeal from the Judgment of Sentence
: entered on 11/15/2013 in the Court of
: Common Pleas, Philadelphia County,
    v. : Criminal Division at No. CP-51-CR-
: 0000573-2009.
:
OMAR SHARIF CASH, : SUBMITTED: September 9, 2015
: RESUBMITTED: January 20, 2016
     Appellant :

## CONCURRING OPINION

**JUSTICE WECHT**           **DECIDED: MAY 25, 2016**

I join the learned Majority's opinion in full. In light of today's precedent and our previous decision in Commonwealth v. Jordan, 65 A.3d 318, 329 (Pa. 2013), I elaborate briefly here upon how trial courts should handle slow motion video evidence.

Today's Majority concludes correctly that the slow motion video showing Cash's actions was relevant and admissible. The Majority properly determines that any prejudicial impact that arose from slowing the video down was outweighed by the evidence's probative value. This latter conclusion rests upon the following three points: (1) the jury also saw the video at normal speed; (2) the slow motion video clearly was marked as such; and (3) the trial court specifically instructed the jurors to avoid letting the reduction in video speed inflame their passions. See Maj. Op. at 22. I agree with these three points. Further, I note that the slow motion video in this case is no more graphic than the video when played at normal speed. The slow motion video here

depicts nothing gruesome or shocking that the jurors did not see when they viewed the video at its real pace.  Cash's claim under Pa.R.E. 403 is entirely unsuccessful.

As a general matter, trial courts must recognize that the probative benefits of frame-by-frame or reduced speed video can be accompanied by patent risks.  Such videos may, in a given case, accentuate images and depictions that, by their very nature, are so disturbing as to impart unfair prejudice that outweighs the video's probative value.  As one Pennsylvania court noted, "[i]n a sense, all slow motion and freeze frame video distorts reality.  It distorts it in the same way that magnification of a photograph distorts reality.  Such distortion may enhance the jury's understanding or it may do the opposite."  Commonwealth v. Hindi, 631 A.2d 1341, 1345 (Pa. Super. 1993).  Of course, this does not render slow motion videos inadmissible *per se*, nor do our decisions in this case and in Jordan mean that such videos are admissible in all cases.  In short, admissibility of slow motion video requires calibrated and individualized decision-making by our trial courts rather than blanket rules of prohibition or admission.

Trial courts must carefully ascertain and weigh both the prejudicial impact and the probative value of slow motion videography in each instance pursuant to Rule 403. In doing so, courts must scrupulously and contextually assess, within the particular facts and circumstances of the case, whether decreasing the speed of a video significantly enhances the violent and graphic depiction of the crime to the point at which the video becomes unfairly prejudicial, outweighing the evidence's probative value and threatening the fairness of the trial.